## 9106. STRICKLAND v. HENDRICKS *et al.*

Courts may, upon a proper showing, compel the production of a paper, to be annexed to interrogatories propounded by the party calling for the document, provided the court requires a copy of the document to be left in the place of the original, to be used in lieu thereof in case of the non-return of the original, and also requires bond and security from that party to the party producing the document, conditioned to be void only if the document be not lost, destroyed, or injured, but be restored to the latter party as soon as the object of its production shall have been accomplished. *Faircloth* v. *Jordan,* 15 *Ga.* 511; *Davis* v. *Davis,* 47 *Ga.* 81; *Sibley* v. *Haslam,* 75 *Ga.* 490, 493. The security to be thus exacted ought to be at least as much as a bond of indemnity and a consent that if the note or writing be not restored, objections to it shall be waived and the copy of it on file be read in its place, not only in that case, but in all subsequent cases. *Stevens* v. *Zachary,* 27 *Ga.* 427. Without passing upon the sufficiency of the petition, the orders of the judge under the proceedings in the instant case did not conform to the procedure or to the requirements laid down in the cases cited above, and were therefore illegal. Under the precedents cited, the motion to dismiss the bill of exceptions, as assigning error upon a ruling merely interlocutory, must be denied.

DECIDED APRIL 12, 1918.

Complaint; from city court of Nashville—Judge Christian. July 17, 1917.

*W. R. Smith, William Story, J. P. Knight,* for plaintiff.

*E. K. Wilcox, Hendricks, Mills & Hendricks,* for defendant.

JENKINS, J. R.-A. Hendricks brought a petition to the city court of Nashville, alleging that he was a defendant in a named suit on a promissory note, in that court, and asked that the note sued on be impounded with the clerk of the court, in order that he, as a defendant, might be enabled to bring into court the evidence of certain non-resident witnesses, indispensable to his defense. The petition alleged, "that counsel for the plaintiff refuses to permit this defendant to use the said note sued upon, for the purpose

of exhibiting the same to witnesses, taking testimony, and preparing the same for trial; that it is necessary to the ends of justice that the original note sued upon be impounded with the clerk of the city court of Nashville, wherein said case is pending, with the privilege that all parties interested in said case have free access to said note." In response to the rule nisi on this petition, the plaintiff in the suit referred to filed a demurrer and an answer to the petition, and in the answer denied the allegations quoted above, and further answered as follows: "The defendants R. A. Hendricks and J. A. Sirmans, either or both, are at liberty to inspect the notes in question. Either one of counsel for J. B. Strickland, to wit, J. P. Knight or W. R. Smith, here and now offers and agrees to permit either R. A. Hendricks or J. A. Sirmans, or both of them, to inspect and examine at their pleasure as often and at such times as they may desire. Respondents refuse, however, to impound said notes in the clerk's office of Berrien superior court, or to turn the same over to petitioner for any purpose; but in this connection respondents say that they will be glad to produce the said notes anywhere, at any time, upon due notice given for the purpose of taking the depositions of any witness for petitioner." On the hearing of the petition no evidence was introduced, but in a note by the presiding judge, appended to the record, it is stated that "R. A. Hendricks, attorney for himself, stated in his place in open court that a plea of non est factum was filed in the case, and that he desired to take the testimony of certain non-resident witnesses, also resident female witnesses; that access to the original note was necessary in order to take this testimony, all of which he stated was relevant to the case; that he had been refused the use of the original notes to use in taking testimony." The court passed the two following orders:

"Georgia, Berrien County. Upon reading and considering the above and foregoing application, and after a hearing upon the same, it appearing to the court that, in order that the ends of justice may be met, it is necessary for the defendant to inspect the original notes sued upon in the matter herein referred to, and it further appearing that in order to take the testimony of non-resident witnesses tending to sustain the defense filed in the cause; whereupon it is ordered that the said original note sued upon be deposited in the clerk's office of the city court of Nashville, for

the inspection by the defendant and to be used by the defendant in the examination of non-resident witnesses. This July 17th, 1917. C. A. Christian, Judge City Court of Nashville."

"J. B. Strickland              City Court of Nashville,
        vs.                   July term, 1917.
R. A. Hendricks and           Suit on note.
J. A. Sirmans.

"Georgia, Berrien County. An order having been granted in the above-stated case, requiring the plaintiff to deposit in the clerk's office of the city court of Nashville the original notes sued upon, for the inspection and examination of the defendant, it is ordered that said clerk keep said notes securely locked and allow no one to remove same, except the defendant or his counsel, and then only at such times as they may desire to take the testimony of witnesses touching said case. Defendant or his counsel to leave receipt for said note, when same is being used for the purpose of taking testimony, and to be returned immediately after testimony is taken. This July 17th, 1917.

[Signed] C. A. Christian, Judge City Court of Nashville."

To the orders thus entered, exception was taken.

The ruling stated in the headnote does not require elaboration.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*